UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
SHELIA DANCY-WILKINS,

                      Plaintiff,

          - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendant.
-------------------------------------------------------- x

**MEMORANDUM & ORDER**

12 CV 4803 (RJD) (RML)

DEARIE, District Judge

      Plaintiff Shelia Dancy-Wilkins alleges that the Department of Education discriminated against her on the basis of gender by consistently paying her less than her male colleagues. Plaintiff sues under federal and state anti-discrimination laws. Only the timeliness of plaintiff's state claims is at issue here. For the reasons stated below, the Court grants plaintiff's request for an extension of time to file a notice of claim with the City.

      New York State Education Law § 3813 requires a plaintiff to notify the City of any claims she has against the Department of Education within three months of their occurrence. § 3813(1). The same statute gives the court discretion to extend this deadline up to the date of the applicable statute of limitations. § 3813(2-a). Section 3813 prescribes:

> In determining whether to grant the extension, the court shall consider, in particular, whether the district . . . acquired actual knowledge of the essential facts constituting the claim within the time specified . . . or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including . . . whether the delay in serving the notice of claim substantially prejudiced the district . . . in maintaining its defense on the merits.

Id. There is a one-year statute of limitations for claims against the DOE. Id. § 3813 (2-b).

Plaintiff alleges that the DOE demoted her on September 27, 2011, from Director of Staff Administration to Unit Head of Records Management, affecting her title and salary. According to Dancy-Wilkins, defendant told her that her demotion was due to budget cuts. On May 8, 2012, Dancy-Wilkins was again demoted, this time from Unit Head to Customer Information Representative, causing her to lose her managerial title and reducing her benefits. Plaintiff alleges that in August 2012, she learned that during her term as Director of Staff Administration, defendant had paid her less than its male directors, although she did comparable work and was better qualified. Plaintiff also alleges that in September 2012 she learned that defendant's male administrators regularly assessed female staff as sexually "doable" and referred to women as "girls," "bitches," and "ho's." Dancy-Wilkins claims that this knowledge caused her to believe that her two prior demotions were motivated by gender bias. Plaintiff filed suit on September 25, 2012 (within the one-year limitations period) and concurrently requested an extension to file notice with the City.

Although none of the factors in § 3813(2-a) is dispositive, "knowledge of the facts constituting the claim is the factor that should be accorded great weight." Bucola v. East Hampton Union Free Sch. Dist., 351 F. Supp. 2d 33, 36 (E.D.N.Y. 2005) (Spatt, J.) (granting extension on retaliation claim) (internal quotation marks and citations omitted). Whether defendant paid Dancy-Wilkins less than her male counterparts and demoted her because of her gender is knowledge uniquely within the DOE's possession, and not information that, if true, the agency would part with easily. Dancy-Wilkins includes a chart showing that between 2009 and 2011, every male DOE director was paid a higher salary than she. Plaintiff also alleges that her bachelor's and law degree made her as qualified, or more qualified, than all of her male co-directors, many of whom did not have high school diplomas. Defendant, on the other hand, does

not show how it will be prejudiced by granting plaintiff an extension.  The parties have not begun discovery and defendant has yet to answer plaintiff's amended complaint.  See Bloom v. New York City Board of Ed., 2004 WL 639613, at *8 (S.D.N.Y. Mar. 30, 2004) (Pitman, M.J.) (noting plaintiff's argument that no prejudice will result where defendants had neither begun discovery nor answered amended complaint).  Dancy-Wilkins is warranted an extension.

For the reasons stated above, this Court grants plaintiff's motion for an extension of time to file notice of her state law claims on the City.  Plaintiff's motion is hereby deemed timely filed.

SO ORDERED.

Dated: Brooklyn, New York
       June 6, 2013

                                             s/Raymond J. Dearie
                                        _____
                                        RAYMOND J. DEARIE
                                        United States District Judge